Battle, J.
 

 When the defendant surrendered his principal in open Court in discharge of himself as bail, he was acting in the clear exercise of an undoubted legal right. 1 Rev. Stat. ch. 10, sec. 4; Bev. Code ch. 11, sec.
 
 5 ; Moody
 
 v.
 
 Stockton, 3
 
 Dev. Rep. 431. The entry of the fact made upon the records of the Court was therefore proper, and the Court could not, by their subsequent action, deprive the defendant of the benefit of it. Their attempt to do so by rescinding the entry, was an error, which he had a right to have corrected in the Superior Court, upon his appeal to that Court.
 
 Williams
 
 v. Beasley, 13 Ire. Rep. 112
 
 ; Murphrey v.
 
 Wood, 2 Jones’ Rep. 63.
 

 There is nothing in the case of
 
 Williams
 
 v.
 
 Floyd,
 
 5 Ire. Rep. 649, relied upon by the plaintiff’s counsel, which militates, in the least, against these positions. In that case the only question was whether, under the circumstances therein stated, the plaintiff was entitled to a judgment against the de-fendantand the sureties to his appeal bond. It seemed to be admitted on all hands, that the sureties for the defendant’s appearance had been discharged by their surrender of him in the County Court.
 

 
 *19
 
 Tbe judgment of tbe Superior Court is affirmed, wbicb will be certified as tbe law directs.
 

 Bee CubiaM, „ ' Judgment affirmed.